UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRUZ ANDREWS | § | C.A. NO. 2:23-cv-00203 |
| | § | |
| VS. | § | |
| | § | |
| ADRIATIC MARINE, LLC and | § | SEC.        MAG. |
| OSSA LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Cruz Andrews ("Plaintiff" or "Andrews"), complaining of Defendants Adriatic Marine, LLC and OSSA LLC (collectively "Defendants"), and, for cause of action, would respectfully show as follows:

### I. PARTIES

1.1     Plaintiff Cruz Andrews, is a citizen and resident of Tylertown, Mississippi.

1.2     Defendant Adriatic Marine, LLC, is a Louisiana limited liability company with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Charles Faucheux, 201 Raceland Street, Raceland, Louisiana 70394.

1.3     Defendant OSSA LLC, is a Louisiana limited liability company with its principal place of business in Lafayette Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent James R. Moncrief, 300 Iberia Street, Youngsville, Louisiana 70592.

## II. JURISDICTION

2.1	The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant to the Jones Act 46 U.S.C. § 30104, and for negligence under the general maritime law.

## III. VENUE

3.1	Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

4.1	At all material times hereto, Defendant Adriatic Marine owned, operated and/or crewed the CELTIC ("Vessel"), the platform supply ship on which Plaintiff was working at the time of injury made the basis of suit.

4.2	At all material times hereto, Plaintiff was directly employed by Defendant OSSA as a galley hand and member of the crew of the Vessel.  Plaintiff was a borrowed employee of Defendant Adriatic Marine.

4.3	On or about October 15, 2022, Plaintiff was injured while performing his work on the Vessel.  On that date, Plaintiff was unloading groceries on the vessel. Plaintiff was returning to the galley area when he slipped on steps on the Vessel.  As a result, Plaintiff sustained injuries to his neck, among other injuries.

4.4	The injuries suffered by Plaintiff were caused by the negligence of the Vessel and its owner/operator, and unseaworthiness of the Vessel, in that the Vessel and her appurtenances and/or equipment were unsafe and in an unreasonable state of repair.

## V.  JONES ACT

5.1     Plaintiff's injuries were suffered in the course and scope of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.  While performing his duties in the service of the vessel, Plaintiff sustained severe injuries.

5.2     The injuries and resultant damages to Plaintiff were caused by the negligence and/or gross negligence of the Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

(a)     failing to adequately assess and repair the dangerous condition of the steps;

(b)     failing to provide proper and adequate equipment to perform the job;

(c)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(d)     failing to take reasonable precautions for Plaintiff's safety;

(e)     failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

(f)     failing to assess the conditions on board the vessel;

(g)     failing to provide Plaintiff with a reasonably safe place to work; and,

(h)     other acts of negligence and/or omissions to be shown at trial herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Defendant Adriatic Marine's breach of duty to furnish a seaworthy vessel.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1  Plaintiff would show that on the above-mentioned date, he was injured while in the service of the vessel.  As a result, Defendants had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendants' duties therefore continue.  Defendants breached the absolute duty by denying payment of maintenance and cure.  As a result Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by said failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  COUNT 4 - NEGLIGENCE

8.1  In the alternative, to the extent the Court holds that either Defendant was not the Jones Act employer of Plaintiff, each Defendant owed Plaintiff a duty to exercise ordinary care under the general maritime law.

8.2  The injuries and resultant damages sustained by Plaintiff were proximately caused by the negligence of the Defendants, including without limitation, one or more of the following acts:

(a)  failing to adequately assess and repair the dangerous condition of the steps;

(b)  failing to provide proper and adequate equipment to perform the job;

(c)  failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(d) failing to take reasonable precautions for Plaintiff's safety;

(e) failing to perform adequate safety meetings and analyses to identify and minimize the risk to Plaintiff and others;

(f) failing to assess the conditions on board the vessel;

(g) failing to provide Plaintiff with a reasonably safe place to work; and,

(h) other acts of negligence and/or omissions to be shown at trial herein.

8.3 Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the incident made the basis of this suit and the injuries and resultant damages of Plaintiff.

### IX.  DAMAGES

9.1 As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages and attorneys' fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Randy J. Ungar*
RANDY J. UNGAR (12387)
randy@ungarlaw.net
3220 N. Arnoult Road, No. 110
Metairie, Louisiana 70002
Telephone:     504.450.3389

ATTORNEYS FOR PLAINTIFF